UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANCELLOR WADE,

    Petitioner,

v.

RICK HILL,

    Respondent.

No. 2:22-cv-00556-WBS-JDP (HC)

ORDER

    Petitioner, proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On April 26, 2022, the magistrate judge filed findings and recommendations herein which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. In his objections, petitioner argues that the Magistrate Judge mischaracterized his claims. He contends that his claim does not rest on the Fourteenth Amendment claim he apparently raised in the California Court of Appeal, but on a separate First Amendment access to courts claim. ECF No. 7 at 2. Specifically, he contends that

1

he is challenging the California Supreme Court's refusal to file his motion to discharge his appointed counsel. *Id.* This court does not have the authority to dictate how the California Supreme Court chooses to manage its docket. And, even if it did, this claim would not be appropriate to proceed in an action pursuant to section 2254, the purpose of which is to challenge the duration or validity of a state conviction or sentence. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2021). Whether the California Supreme Court erred in refusing to docket petitioner's motion does not impact the validity of his sentence. That is, if he were to succeed on this claim, he would not be entitled to immediate or earlier release. And any potential claim that does stem from petitioner's conviction can only be raised in this court once petitioner has exhausted it in state court. Thus, the court finds the findings and recommendations to be supported by the record and by proper analysis.

    Accordingly, IT IS HEREBY ORDERED that:

    1. The findings and recommendations filed April 26, 2022, are adopted in full;

    2. Petition, ECF No. 1, is dismissed without prejudice as unexhausted; and

    3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated:  June 24, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE